IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOE LEWIS TRAVIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 14-772-SLR |
| | ) |
| DAVID PIERCE, Warden, and | ) |
| ATTORNEY GENERAL OF THE | ) |
| STATE OF DELAWARE, | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM**

1. **Background.** Petitioner filed the instant application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 1) The application challenges his 1992 conviction in the Delaware Superior Court for first degree murder. *See Travis v. State*, 69 A.3d 373 (Table), 2013 WL 3326797, at *1 (Del. June 26, 2013). Specifically, petitioner alleges that the attorney who represented him during his trial, direct appeal, and his first Rule 61 proceeding provided constitutionally ineffective assistance. (D.I. 1 at 5-9)

2. **Standard of Review.** Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). A habeas application is classified as second or successive within the meaning of § 2244 if the prior application has been decided on the merits, the prior and new applications challenge the same

conviction, and the new application asserts a claim that could have been raised in a prior habeas application. *Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

3. **Discussion.** Petitioner has already requested, and has been denied, habeas relief with respect to the same 1992 conviction on four prior occasions. *See Travis v. Phelps,* Civ. A. No. 08-781-SLR, Order (D. Del. Nov. 18, 2008); *Travis v. Phelps*, Civ. A. No. 08-399-SLR, Order (D. Del. Aug. 8, 2008); *Travis v. Snyder*, Civ. A. No. 95-309-RMM, Order (D. Del. Jan. 31, 1997); *Travis v. Snyder*, Civ. A. No. 99-345-RMM, Order (D. Del. Sept. 20, 1999). The Honorable Roderick M. McKelvie denied petitioner's first application on the merits, and then denied his second application as second or successive. *Id.* This court denied petitioner's third and fourth applications as second or successive. *Id.* These dispositions constitute an adjudication on the merits for the purposes of the gate-keeping rules on second or successive applications. Therefore, the court concludes that the instant application constitutes a second or successive habeas application. *See Benchoff*, 404 F.3d at 817-18.

4. Petitioner attempts to avoid the second or successive bar by asserting that the holding announced in *Martinez v. Ryan,* 132 S.Ct. 1309 (2012)[1] should apply to his case because it constitutes a "new rule of constitutional law" under § 2244(b)(2)(A)

---

[1] In *Martinez,* the Supreme Court held for the first time that inadequate assistance of counsel during an initial-review state collateral proceeding may establish cause for a petitioner's procedural default of a claim of ineffective assistance of trial counsel. *Martinez*, 132 S.Ct. at 1320. In order to obtain relief under *Martinez*, a petitioner must demonstrate that the state post-conviction attorney in his first state collateral proceeding was ineffective under the standards established in *Strickland*, that the underlying ineffective assistance of trial counsel claim is substantial, and that petitioner was prejudiced. *Id.* at 1316, 1320.

2

purposes. However, *Martinez* did not alter the applicable rules regarding second or successive habeas applications. Thus, whether or not *Martinez* triggers the § 2244(b)(2)(A) exception to the second or successive bar is an issue that must be determined by the Third Circuit Court of Appeals, and not by this court.

5. The record reveals that petitioner has not obtained authorization from the Third Circuit Court of Appeals to file this successive habeas request. *See* 28 U.S.C. § 2244(b)(1). Accordingly, the court will dismiss the instant application for lack of jurisdiction. *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002)(holding that when a second or successive habeas petition is erroneously filed "in a district court without the permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

6. The court will also decline to issue a certificate of appealability because petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2011).

7. **Conclusion.** For the above reasons, the court will dismiss the instant application as second or successive. A separate order shall issue. *See* Fed. R. Civ. P. 58(a)("every judgment must be set out in a separate document").

Dated: December 15, 2014

_____
UNITED STATES DISTRICT JUDGE